### Ellen H. Cook v. Smith & Stimpson.

QUESTIONS OF FACT—*For the Consideration of the Jury.*—Matters of indebtedness between the parties in a lawsuit are questions of fact for the consideration of the jury.

Assumpsit, for goods sold, etc.    Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.    Heard in this court at the November term, 1897.    Affirmed.    Opinion filed February 9, 1898.

JAMES O. PRIEST, attorney for appellant.

M. T. LAYMAN and CHARLES A. BARNES, attorneys for appellees.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This is a suit brought in assumpsit, by appellant against appellees, in the Circuit Court of Morgan County, to recover from appellees, on an account amounting to $1,057.22, which she claims is due her,

for (planing) "mill work, furnished by her to them."

To her declaration in this case, the appellees, who are retail lumber dealers in Jacksonville, Illinois, filed a plea of general issue, with a notice of set-off, the same being an account which they claim is due them, for lumber sold and delivered to appellant, through her husband and agent; which account, so set up by way of set-off, amounted to $1,438.10, with a credit of $1,057.22, for mill work.

Appellant denied that she bought said lumber of appellees, that James A. Cook, her husband, was her agent, or had any authority from her, to buy or receive said lumber for her.

Upon the trial of this case in the court below, by jury, a verdict was returned in favor of appellees, on their set-off, for $300. Appellant moved the court to set aside said verdict, and grant her a new trial, which motion the court denied, and gave appellees a judgment on said verdict, and for costs.

From that judgment appellant appeals to this court, and contends that the judgment and verdict are contrary to the evidence, and the court below erred in its instructions to the jury, and rulings on the evidence.

Appellant's principal contention, in the brief filed herein by her counsel, is that the evidence fails to show that the lumber sought herein to be charged to her by appellees ought to be so charged, and that it shows her husband bought the same for himself, and not for her, as her agent; and that she furnished appellees the mill work, she sues them herein for, and not her husband.

We have carefully read all the evidence in the record in this case, and while appellant, on the trial, does swear to the fact that her husband had no authority from her to buy or receive the lumber from appellees,

as contended for by them, in this case; and that she made and furnished the "mill work," she sued appellees for, and in this she is partly corroborated by the testimony of her husband, James A. Cook; yet the record further shows that John W. Smith, one of the appellees, also testified in this case that he had a conversation with appellant, Mrs. Ellen A. Cook, in September, 1895, at her residence, in the presence of his partner, Mr. Stimpson, and James A. Cook, in which conversation she said that Mr. Cook, her husband, was her agent in these matters, and had been since October, 1893, and that any settlement he could make with him was all right. He also testified that James A. Cook ordered and received, as the agent of his wife, the appellant, all the lumber they charged for in this case, and that the "mill work" in question was by them contracted for, and received from James A. Cook as the agent for his wife. In this he was corroborated by Charles E. Darling, foreman of the lumber yard of appellees, and by John W. Stimpson, his partner, who both testified in this case. The record also shows that a number of witnesses testified that the general reputation of James A. Cook, in the city of Jacksonville, where he lives, for truth and veracity, is bad.

The principal contention here is that the lumber bill constituting the set-off in this case, is owing appellees by James A. Cook, and that appellees are indebted to appellant for the "mill work," in the sum of $1,057.22. This was a question of fact, and from the evidence before the jury as shown in this record, we are satisfied that the contention of appellees is correct, and the verdict of the jury right.

Indeed, if the arrangement about the "mill work," and the purchase of lumber out of which to make it, was made by appellees with appellant and her husband, as contended for by her, then indeed, appellees were

more willing to make a deal in business that was convenient and profitable to appellant, and unprofitable to them, than we usually find business men are willing to make.

As to the rulings of the trial court on the evidence and its instructions to the jury, we think they were as favorable to appellant as the law would warrant. And we are fully convinced that no error appears in this record on that account, that would justify us in reversing the judgment of the trial court; we therefore affirm it.